RICHLAND COUNTY BOARD OF ELECTIONS ET AL. *v.* CITY OF MANSFIELD ET AL., APPELLANT; PORTER ET AL., APPELLEES.

(No. 73-295—Decided October 17, 1973.)

Mr. *William F. McKee*, prosecuting attorney, for Richland County Board of Elections.

Mr. *Robert K. Rath*, city solicitor, for appellants.

Messrs. *Ryan, Cole & Brown*, for appellees.

O'NEILL, C. J. This case involves the application of R. C. 731.06 and R. C. 731.27 to the above-stated facts.

R. C. 731.06, in pertinent part, provides:

"(A) The legislative authority of a city shall subdivide the city into wards, equal in number to the members of the legislative authority to be elected from wards, within ninety days after:

"(1) The first day of October of the year following the decennial census year;

" * * *

"(B) If the legislative authority fails to make such subdivision within the time required, it shall be made by the director of public service.

" * * *

"(F) Action of the legislative authority to divide the city into wards *shall be taken by ordinance* and shall be effective for the first municipal primary election occurring at least one hundred fifty days after the passage of the ordinance." (Emphasis added.)

It is undisputed that the Mansfield city council acted by ordinance to subdivide the city into wards in accordance with the new census results, within 90 days after the first day of October of the year following the decennial census year (1970) pursuant to the provisions of R. C. 731.06.

After the mayor disapproved the subdividing ordinance passed by council, the procedure with regard to such a disapproved ordinance is controlled by R. C. 731.27, which provides, in pertinent part:

"Every ordinance * * * of a legislative authority of a city shall, before it goes into effect, be presented to the mayor for approval. * * * If he does not approve it, he shall, within ten days after its passage * * * return it, with his objections, to the legislative authority, or, *if it is not in session, to the next regular meeting thereof* * * *. When the mayor disapproves an ordinance * * * and returns it with his objections, the legislative authority may, *after ten days, reconsider it,* and if such ordinance * * * upon such reconsideration, is approved by a two-thirds vote of all the members elected, it shall then take effect as if signed by the mayor." (Emphasis added.)

Since it is agreed that the mayor disapproved the subdividing ordinance on December 22, 1971, while the council was not in session, and it is not disputed that the next regular meeting of council was on January 4, 1972, under the provisions of R. C. 731.06 the mayor was required to return the ordinance to council on January 4, 1972, with his objections. Under the provisions of that statute, the council *"after ten days"* could reconsider it, which means that on January 15, 1972, and thereafter, council could reconsider the ordinance.

The time, January 4, 1972, when the mayor was required to return the ordinance to council with his objections had not yet been reached on the calendar when the public service director attempted to promulgate and make effective his own plan on December 31, 1971, and the time, January 15, 1972, when, under the statute, council could reconsider the ordinance had not been reached on the cal-

endar when White attempted to promulgate and file his second plan with the board of elections. White had been removed as public service director on January 1, 1972, by Mayor Porter, who took his oath of office as mayor that day. White's removal occurred prior to the time he attempted to file his purported second subdividing plan.

Neither of the two subdivision plans filed by White, the public service director, is a legally valid and effective plan because after council had acted, pursuant to the provisions of R. C. 731.06(A)(1) and (F) by the passage of an ordinance, within the required time, to subdivide the city into wards, and the mayor had disapproved the ordinance, the public service director was not authorized to make the subdivision pursuant to R. C. 731.06(B) until the provisions of R. C. 731.27 with regard to the reconsideration of the disapproved ordinance had been followed.

The subdivision plan passed as an ordinance by council is not a legally valid and effective plan because it was disapproved by the mayor and was never, upon reconsideration, "approved by a two-thirds vote of all the members" elected to council.

Neither of the two subdivision plans filed by Public Service Director White is a legally valid and effective plan because he was not authorized by statute to make such subdivisions at the time he made and filed them.

The subdivision plan promulgated and filed by Public Service Director Zimmerman on January 21, 1972, is the legally valid and effective plan. This subdivision plan was not made and filed until January 21, 1972—(1) after the ordinance disapproved by Mayor Lemley had been returned to the regular meeting of council on January 4, 1972, with the mayor's objections to the ordinance, as required by statute, (2) until the ten days required by statute to elapse before council could reconsider the ordinance had passed, and (3) council had failed to reconsider the disapproved ordinance and, upon reconsideration, to approve it by a two-thirds vote of the elected members of council, as required by statute if the ordinance plan was to be effective.

There was no claim made in either of the courts below, or in this court, that council did not have a reasonable time within which to reconsider the disapproved ordinance, along with the mayor's objections and, upon reconsideration, to act to approve that ordinance by the required two-thirds vote of the elected members of council, not withstanding the mayor's objections.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

HERBERT, STERN, W. BROWN and P. BROWN, JJ., concur.
CORRIGAN, J., concurs in the judgment.
CELEBREZZE, J., dissents.